UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

---

MARVIN BELSER,

              Plaintiff,              Case No. 2:15-cv-199

v.                                               Honorable Robert Holmes Bell

BRENDA JAMES,

              Defendants.
_____/

## **OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Huss and Giesen. The Court will serve the complaint against Defendants James, Austin, Rose, Miliko, Caron, and Napel.

**Discussion**

I. Factual allegations

Plaintiff Marvin Belser, a Michigan state prisoner currently confined at the Marquette Branch Prison (MBP), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. In his complaint, Plaintiff names Health Care Unit Manager Brenda James, Dr. James Austin, D.O., Nurse Practitioner Angela Rose, Steve Miliko, L.P.N., Grievance Coordinator Glenn Caron, Warden Robert Napel, Deputy Warden Erica Huss, and Assistant Resident Unit Supervisor K. Giesen.

Plaintiff alleges that prior to his transfer to MBP, MDOC medical personnel took his personal electric wheelchair and gave it to another inmate who was being discharged. MDOC officials also lost his O2 concentrator. Plaintiff was given a non-electric wheelchair, but that chair was taken away from Plaintiff on March 1, 2014, which forced Plaintiff to crawl on the floor in order to get around his cell. Plaintiff was transferred to MBP and arrived at the prison in a wheelchair on October 7, 2014. Plaintiff was met by Defendant James, who informed him that he would not be allowed to keep the wheelchair. Plaintiff was taken to a level 5 segregation unit and was forced to crawl from the wheelchair into the cell while in full restraints.

Plaintiff asserts that he cannot move his left side, has constant pain in his spine, neck, chest, and left foot, that his left eye is closed, and that he is being denied pain medication and nitro tablets. Plaintiff has not been allowed a shower since March 1, 2014. Plaintiff was attacked by three inmates after asking for protective custody. Plaintiff's condition has continued to worsen, making it difficult for him to speak and see.

Plaintiff has written several grievances to Defendant Caron. On October 13, 2014, Defendant Caron met with Plaintiff regarding grievance identifier MBP 2014-10-1807-12DI, and

told Plaintiff to sign off on the grievance because nothing was going to be done. Defendant Austin saw Plaintiff regarding his health issues and wrote Plaintiff a prescription for a pain medication, telling Plaintiff that nothing more would be done.

Plaintiff alleges that Defendant Rose told him that his medication would be stopped if he did not comply with her orders. Defendant Rose told Plaintiff that if he got up, he would be sent to an assisted living facility, despite knowing that Plaintiff was unable to stand or walk. All of Plaintiff's prescribed pain medications were discontinued, as well as some of his other medications. Defendant Miliko refused to order pain medications for Plaintiff after they had been prescribed by the doctor. Plaintiff further states that in 2008, he observed Defendant Miliko pour urine in his beverage and put urine in his insulin. Consequently, Plaintiff does not trust anyone who works in health services.

Plaintiff alleges that Defendant Caron refuses to process any of Plaintiff's grievances. Defendant Giesen told Plaintiff that all of his personal property would be destroyed. Over $2000.00 in Plaintiff's property was destroyed. Plaintiff sent kites to Defendants Napel and Huss, but received no response. Defendant Napel came to Plaintiff's cell and Plaintiff explained that he could not stand or walk and was forced to crawl and sleep on the floor near the toilet to change his incontinent garments. However, Defendant Napel took no corrective action.

Plaintiff claims that Defendants violated his rights under the First and Eighth Amendments, as well as under state law. Plaintiff seeks damages and equitable relief.

II.     Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp.*

*v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff's sole claim against Defendant Giesen is that she told him that all of his personal property would be destroyed by staff, and his property was subsequently destroyed. To the extent that Plaintiff is claiming that Defendant Giesen violated his due process rights, this claim is properly dismissed. Plaintiff's due process claim is barred by the doctrine of *Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled in part by Daniels v. Williams*, 474 U.S. 327 (1986). Under *Parratt*, a person deprived of property by a "random and unauthorized act" of a state employee has no federal due process claim unless the state fails to afford an adequate post-deprivation remedy. If an adequate post-deprivation remedy exists, the deprivation, although real, is not "without due process of law." *Parratt*, 451 U.S. at 537. This rule applies to both negligent and intentional deprivation of property, as long as the deprivation was not done pursuant to an established state procedure. *See Hudson v. Palmer*, 468 U.S. 517, 530-36 (1984). Because Plaintiff's claim is premised upon allegedly unauthorized acts of a state official, he must plead and prove the inadequacy of state post-deprivation remedies. *See Copeland v. Machulis*, 57 F.3d 476, 479-80 (6th Cir. 1995); *Gibbs v. Hopkins*, 10 F.3d 373, 378 (6th Cir. 1993). Under settled Sixth Circuit authority, a prisoner's failure to sustain this burden requires dismissal of his § 1983 due-process action. *See Brooks v. Dutton*, 751 F.2d 197 (6th Cir. 1985).

Plaintiff has not sustained his burden in this case. Plaintiff's claim regarding the destruction of his property is entirely conclusory and unsupported by specific factual allegations. Plaintiff has not alleged that state post-deprivation remedies are inadequate. Moreover, numerous state post-deprivation remedies are available to him. First, a prisoner who incurs a loss through no fault of his own may petition the institution's Prisoner Benefit Fund for compensation. MICH. DEP'T OF CORR., Policy Directive 04.07.112, ¶ B (effective Dec. 12, 2013). Aggrieved prisoners may also

submit claims for property loss of less than $1,000 to the State Administrative Board. MICH. COMP. LAWS § 600.6419; MDOC Policy Directive 03.02.131 (effective Oct. 21, 2013).  Alternatively, Michigan law authorizes actions in the Court of Claims asserting tort or contract claims "against the state and any of its departments, commissions, boards, institutions, arms, or agencies." MICH. COMP. LAWS § 600.6419(1)(a).  The Sixth Circuit specifically has held that Michigan provides adequate post-deprivation remedies for deprivation of property.  *See Copeland*, 57 F.3d at 480.  Plaintiff does not allege any reason why a state-court action would not afford him complete relief for the deprivation, either negligent or intentional, of his personal property.  Accordingly, Plaintiff's claims against Defendant Giesen will be dismissed.

With regard to Defendant Huss, Plaintiff merely alleges that she failed to respond to a kite.  Liability under Section 1983 must be based on more than merely the right to control employees. *Polk Co. v. Dodson*, 454 U.S. 312, 325-26 (1981); *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978).  Thus, Section 1983 liability cannot be premised upon mere allegations of *respondeat superior*.  *Monell*, 436 U.S. at 691; *Polk*, 454 U.S. at 325.  A party cannot be held liable under Section 1983 absent a showing that the party personally participated in, or otherwise authorized, approved or knowingly acquiesced in, the allegedly unconstitutional conduct. *See e.g. Leach v. Shelby Co. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989), *cert. denied*, 495 U.S. 932 (1990); *Hays v. Jefferson*, 668 F.2d 869, 874 (6th Cir.), *cert. denied*, 459 U.S. 833 (1982).  *See also Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir.), *cert. denied* 469 U.S. 845 (1984).

Supervisory officials can be held liable for the acts of their subordinates only if plaintiff establishes that the supervisor failed to appropriately discharge his supervisory duties, and that this failure resulted in a denial or deprivation of plaintiff's federal rights.  *See e.g. Leach*, 891

F.2d at 1246; *Hayes v. Vessey*, 777 F.2d 1149, 1154 (6th Cir. 1985). However, the failure of a supervisor to supervise, control or train the offending employee is not actionable absent a showing that the official implicitly encouraged, authorized, approved or knowingly acquiesced in, or in some other way directly participated in, the offensive conduct. *Leach*, 891 F.2d at 1246. Such a claim requires, at a minimum, that the official had knowledge of the offending employee's conduct at a time when the conduct could be prevented, or that such conduct was otherwise foreseeable or predictable. *See e.g. Gibson v. Foltz*, 963 F.2d 851, 854 (6th Cir. 1992). In addition, plaintiff must show that defendant had some duty or authority to act. *See e.g. Birrell v. Brown*, 867 F.2d 956, 959 (6th Cir. 1989) (lower level official not liable for shortcomings of building); *Ghandi v. Police Dept. of City of Detroit*, 747 F.2d 338, 351 (6th Cir. 1984) (mere presence at the scene is insufficient grounds to impose Section 1983 liability in the absence of a duty to act); *accord Hall v. Shipley*, 932 F.2d 1147 (6th Cir. 1991). In addition, merely bringing a problem to the attention of a supervisory official is not sufficient to impose such liability. *See Shelly v. Johnson*, 684 F. Supp. 941, 946 (W.D. Mich. 1987) (Hillman, C.J.), *aff'd* 849 F.2d 228 (6th Cir. 1988). Finally, supervisory liability claims cannot be based on simple negligence. *Leach*, 891 F.2d at 1246; *Weaver v. Toombs*, 756 F. Supp. 335, 337 (W.D. Mich. 1989), *aff'd* 915 F.2d 1574 (6th Cir. 1990).

Plaintiff has not alleged facts establishing that Defendant Huss was personally involved in the activity which forms the basis of his claim. The only role that Defendant Huss had in this action involved the denial of administrative grievances or the failure to act. Defendant Huss cannot be liable for such conduct under § 1983. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999), *cert. denied*, 530 U.S. 1264 (2000). Accordingly, the Court concludes that Plaintiff's claims against Defendant Huss are properly dismissed for lack of personal involvement.

With regard to Plaintiff's claim that Defendant Miliko put urine in his beverages and insulin in 2008, this claim is untimely. State statutes of limitations and tolling principles apply to determine the timeliness of claims asserted under 42 U.S.C. § 1983. *Wilson v. Garcia*, 471 U.S. 261, 268-69 (1985). For civil rights suits filed in Michigan under § 1983, the statute of limitations is three years. *See* MICH. COMP. LAWS § 600.5805(10); *Carroll v. Wilkerson*, 782 F.2d 44, 44 (6th Cir.1986) (per curiam); *Stafford v. Vaughn*, No. 97-2239, 1999 WL 96990, at *1 (6th Cir. Feb. 2, 1999). Accrual of the claim for relief, however, is a question of federal law. *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996); *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984). The statute of limitations begins to run when the aggrieved party knows or has reason to know of the injury that is the basis of his action. *Collyer*, 98 F.3d at 220.[1]

Plaintiff alleges that he observed Defendant Miliko placing urine in his beverages and insulin in 2008. Plaintiff had reason to know of the "harms" done to him at the time they occurred. Hence, his claims accrued in 2008. However, he did not file his complaint until December of 2015, well past Michigan's three-year limit. Moreover, Michigan law no longer tolls the running of the statute of limitations when a plaintiff is incarcerated. *See* MICH. COMP. LAWS § 600.5851(9). Further, it is well established that ignorance of the law does not warrant equitable tolling of a statute of limitations. *See Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991); *Jones v. Gen. Motors Corp.*, 939 F.2d 380, 385 (6th Cir. 1991); *Mason v. Dep't of Justice*, No. 01-5701, 2002 WL 1334756, at *2 (6th Cir. June 17, 2002).

---

[1] 28 U.S.C. § 1658 created a "catch-all" limitations period of four years for civil actions arising under federal statutes enacted after December 1, 1990. The Supreme Court's decision in *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369 (2004), which applied this federal four-year limitations period to a suit alleging racial discrimination under § 1981 does not apply to prisoner claims under 28 U.S.C. § 1983 because, while § 1983 was amended in 1996, prisoner civil rights actions under § 1983 were not "made possible" by the amended statute. *Id.* at 382.

A complaint "is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint may be dismissed as frivolous if it is time-barred by the appropriate statute of limitations. *See Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001). The Sixth Circuit has repeatedly held that when a meritorious affirmative defense based upon the applicable statute of limitations is obvious from the face of the complaint, *sua sponte* dismissal of the complaint is appropriate. *See Dellis*, 257 F.3d at 511; *Beach v. Ohio*, No. 03-3187, 2003 WL 22416912, at *1 (6th Cir. Oct. 21, 2003); *Castillo v. Grogan*, No. 02-5294, 2002 WL 31780936, at *1 (6th Cir. Dec. 11, 2002); *Duff v. Yount*, No. 02-5250, 2002 WL 31388756, at *1-2 (6th Cir. Oct. 22, 2002); *Paige v. Pandya*, No. 00-1325, 2000 WL 1828653 (6th Cir. Dec. 5, 2000). Accordingly, Plaintiff's claim that Defendant Miliko placed urine in his beverages and insulin in 2008 must be dismissed as frivolous.

Plaintiff claims that Defendants violated his First Amendment right to be free from retaliation. Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.* Moreover, a plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

In this case, Plaintiff makes a conclusory assertion that Defendants retaliated against him. Plaintiff states that he filed grievances, which is constitutionally protected conduct for which a prisoner cannot be subjected to retaliation. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001); *Hall v. Nusholtz*, No. 99-2442, 2000 WL 1679458, at *2 (6th Cir. Nov. 1, 2000); *Burton v. Rowley*, No. 00-1144, 2000 WL 1679463, at *2 (6th Cir. Nov. 1, 2000). However, Plaintiff fails to allege any specific facts in support of his claim that Defendants' conduct was motivated by a desire to retaliate against him for his use of the grievance procedure. Temporal proximity "may be 'significant enough to constitute indirect evidence of a causal connection so as to create an inference of retaliatory motive.'" *Muhammad v. Close*, 379 F.3d 413, 417-18 (6th Cir. 2004) (quoting *DiCarlo v. Potter*, 358 F.3d 408, 422 (6th Cir. 2004)). However, "[c]onclusory allegations of temporal proximity are not sufficient to show a retaliatory motive." *Skinner v. Bolden*, 89 F. App'x 579, 580 (6th Cir. 2004).

Moreover, *Muhammad* does not stand for the proposition that temporal proximity alone is sufficient to create an issue of fact as to retaliatory motive.

> In *Muhammad* the Sixth Circuit did not resolve the issue, but merely observed that "temporal proximity alone **may be** 'significant enough to constitute indirect evidence of a causal connection so as to create an inference of retaliatory motive.'" *Id.* at 418 (quoting *DiCarlo v. Potter*, 358 F.3d 408, 422 (6th Cir.2004) (emphasis added). Even if temporal proximity may in some cases create an issue of fact as to retaliatory motive, it would only be sufficient if the evidence was "significant enough." Plaintiff's conclusory and ambiguous evidence is not "significant enough" to create an issue of fact as to retaliatory motive.

*Brandon v. Bergh*, 2010 WL 188731, slip op. at 1 (W.D. Mich., Jan. 16, 2010). The court concludes that Plaintiff's retaliation claims are properly dismissed.

With regard to Plaintiff's state law claims, the court notes that claims under § 1983 can only be brought for "deprivation of rights secured by the constitution and laws of the United States." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982). Section 1983 does not provide redress for a violation of a state law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994). Plaintiff's assertion that Defendants violated state law therefore fails to state a claim under § 1983. Moreover, to the extent that Plaintiff seeks to invoke this Court's supplemental jurisdiction over a state-law claim, the Court declines to exercise jurisdiction. In determining whether to retain supplemental jurisdiction, "[a] district court should consider the interests of judicial economy and the avoidance of multiplicity of litigation and balance those interests against needlessly deciding state law issues." *Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993). Ordinarily, where a district court has exercised jurisdiction over a state-law claim solely by virtue of supplemental jurisdiction and the federal claims are dismissed prior to trial, the court will dismiss the remaining state-law claims. *Id*. Dismissal, however, remains "purely discretionary." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) (citing 28 U.S.C. § 1367(c)); *Orton v. Johnny's Lunch Franchise, LLC*, 668 F.3d 843, 850 (6th Cir. 2012). Here, the balance of the relevant considerations weighs against the continued exercise of supplemental jurisdiction. Accordingly, Plaintiff's state-law claim will be dismissed without prejudice.

Finally, the court notes that Plaintiff's Eighth Amendment claims against Defendants James, Austin, Rose, Miliko, Caron, and Napel are nonfrivolous and are not properly dismissed upon initial review.

**Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendants Huss and Giesen will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c), as will Plaintiff's retaliation claims against Defendants James, Austin, Rose, Miliko, Caron, and Napel. In addition, Plaintiff's claim that Defendant Miliko placed urine in his beverages and insulin in 2008 are barred by the statute of limitations. The Court will serve the complaint against Defendants James, Austin, Rose, Miliko, Caron, and Napel with regard to Plaintiff's Eighth Amendment claims against them.

An Order consistent with this Opinion will be entered.


Dated: January 26, 2016  /s/ Robert Holmes Bell
ROBERT HOLMES BELL
UNITED STATES DISTRICT JUDGE