UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION


MARVIN BELSER,

       Plaintiff,

                                                Case No. 2:15-cv-199

v.

                                                HON. ROBERT HOLMES BELL

BRENDA JAMES, et al.

       Defendants.

_____/


**ORDER APPROVING AND ADOPTING**
**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

On August 12, 2016, United States Magistrate Judge Timothy P. Greeley issued a Report and Recommendation ("R&R") recommending that Defendants' motions for summary judgment (ECF Nos. 45, 49) be granted due to Plaintiff's failure to exhaust administrative remedies. (ECF No. 57.) The matter is before the Court on Plaintiff's objections to the R&R. (ECF No. 61.)

This Court is required to make a de novo determination of those portions of the R&R to which specific objection has been made, and may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). "[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must

be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

Plaintiff objects to the Magistrate Judge's conclusion that Plaintiff did not fully exhaust his administrative remedies. Plaintiff argues that, on October 13, 2014, he completed a grievance form but the coordinator did not file it or make a monthly report with the information. (ECF No. 61, PageID.324.) Plaintiff asserts that his failure to exhaust administrative remedies is due to the error of the grievance coordinator. (*Id.*) Because the coordinator never filed this grievance, the Magistrate Judge did not consider it when he evaluated whether the grievances filed by Plaintiff applied to this case.

A prisoner bringing an action under 42 U.S.C. § 1983 must exhaust all of his available administrative remedies. 42 U.S.C. § 1997e(a). In order to exhaust administrative remedies, prisoners must complete the administrative review process in accordance with deadlines and other applicable procedural rules. *Jones v. Bock*, 549 U.S. 199, 217-19 (2007); *see also Woodford v. Ngo*, 548 U.S. 81, 92-91 (2006). MDOC Policy Directive 03.02.130 sets forth the applicable grievance procedures for prisoners in MDOC custody at the time relevant to the complaint. A prisoner must first attempt to resolve a problem orally, within 2 business days of becoming aware of the grievable issue, unless prevented by circumstances beyond his control. (ECF No. 45-2, PageID.259, ¶ P.) Plaintiff argues that he was unable to orally resolve the matter because he cannot speak or talk, so he was prevented by circumstances beyond his control. (ECF No. 61, PageID.323.)

If oral resolution is unsuccessful, the prisoner may proceed to Step I of the grievance process and submit a completed grievance form within 5 business days of the attempted oral resolution. (*Id.*) The prisoner submits the completed grievance form to a designated grievance coordinator, who logs and assigns a unique identifying number to each Step I grievance received. (*Id.* at PageID.260, ¶¶ V, W.) Plaintiff argues that he submitted a completed grievance form to the coordinator, but the coordinator did not file it. Despite this claim, Plaintiff maintains that he received a unique identifying number for the grievance.

If a prisoner is not satisfied with the Step I response, or does not receive a timely response, he may appeal to Step II by obtaining an appeal form within 10 business days of the response, or if no response was received, within 10 days after the response was due. (*Id.* at ¶ T.) If the prisoner is still dissatisfied with the Step II response, or does not receive a timely Step II response, he may appeal to Step III using the same appeal form. (*Id.*) The Step III form shall be sent within 10 business days after the date the Step II response was due. (*Id.*) Plaintiff does not claim that he filed a Step II or Step III response for this grievance. To fully exhaust his administrative remedies, Plaintiff should have appealed to Step II and Step III, even if he never received a response. Therefore, Plaintiff has failed to fully exhaust the administrative remedies for his grievance from October 14, 2013. It is also unclear whether this grievance named any of the Defendants and whether it is relevant to the Plaintiff's present action.

The R&R accurately recites the facts and correctly applies pertinent law. The Court finds the R&R to be well-reasoned, and Plaintiff's objection is without merit. For the reasons explained by the R&R, the Court will grant Defendants' motions for summary judgment (ECF Nos. 45, 49), and finds that there is no good-faith basis for an appeal. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's objection to the R&R (ECF No. 61) is **OVERRULED**.

**IT IS FURTHER ORDERED** that the R&R (ECF No. 57) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' motions for summary judgment (ECF Nos. 45, 49) are **GRANTED** and this case is **DISMISSED** without prejudice.

A judgment will be entered that is consistent with this order.

Dated: October 27, 2016            /s/ Robert Holmes Bell
                                   ROBERT HOLMES BELL
                                   UNITED STATES DISTRICT JUDGE